UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE REGENTS OF THE UNIVERSITY OF MICHIGAN, individually as Assignee and Subrogree of Peggy Jordan and Michael Anthony Jordan, Deceased,

          Plaintiff,

v.

OTIS SPUNKMEYER, INC, ET AL.,

          Defendants.

Case number 03-72985
Honorable Julian Abele Cook, Jr.

## ORDER

The Plaintiff, Regents of the University of Michigan, filed this action against the Defendants, Otis Spunkmeyer, Inc., Otis Spunkmeyer, Inc. Health Benefit Plan, Alta Health and Life Insurance Company, One Health Plan of Illinois, Inc., Gary Westrol, John Doe Insurance Company, and John Doe ERISA Benefit Plan ("Defendants"), to recover payments for the expenses that it incurred in connection with the medical care and treatment of Michael Anthony Jordan ("Baby Jordan").[1]

On July 1, 2005, one of the Defendants, Alta Health and Insurance Company ("Alta"), filed a motion, seeking the entry of a summary judgment in this matter. On August 12, 2005, two of the other Defendants, Otis Spunkmeyer, Inc. and Otis Spunkmeyer, Inc. Health Benefit Plan ("Spunkmeyer"), filed a "Notice of Joinder and Concurrence" in connection with Alta's currently

---

[1] This action was brought by the Plaintiff individually and as the assignee and subrogee of Baby Jordan and his mother, Peggy Jordan.

1

pending dispositive motion.² For the reasons that have been set forth below, the Court now grants the Defendants' motion for summary judgment.

I.

On February 5, 1999, Peggy Jordan gave birth to a son, Michael, at the University of Michigan Medical Center in Ann Arbor, Michigan. At the time, she was covered under a self-funded employee benefit plan that was sponsored by her employer, Otis Spunkmeyer, Inc., which served as the sponsor of the Spunkmeyer Health Benefit Plan, a health benefit plan as defined by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 11 ("Plan"). During this period of time, Alta provided claims processing services and stop-loss insurance coverage for the Plan.

The eligibility of Baby Jordan to become a participant in the Plan was dependent upon him becoming an enrollee within 31 days of his birth. The Hospital was aware of this requirement, as evidenced by the following two excerpts from the Hospital's computer log.

02/05/99 99 F 93     NEWBORN NOT LISTED, PARENTS TO ADD IN 30 DAYS BILL
                     SEPARATE INBORN NICU. RUTA

Baby Jordan, who was born with severe medical problems, received extensive medical treatment from the time of his birth until his death on April 24, 1999, the cost of which totaled nearly $650, 000. Following the demise of this young child, the Plaintiff submitted a claim for the reimbursement of those costs and expenses that it incurred in connection with his medical care and hospital treatment to the Defendants. This claim was subsequently denied. According to the

---

²The Court determined that this motion should be decided on the briefs without the benefit of an oral argument pursuant to E.D. Mich. LR 7.1(e)(2),

Defendants, the rejection of this claim was due to Peggy Jordan's failure to officially add Baby Jordan's name to her medical coverage under the health plan. However, the Plaintiff asserts that the failure to "formally" enroll his name in the Plan was due only to a clerical oversight. An exchange of correspondence and personal conversations followed. However, when the parties were unable to resolve their differences, this lawsuit was initiated on August 4, 2003.

II.

In 1986, the Supreme Court opined that "[o]ne of the principle purposes of the summary judgment rule is to isolate and dispose of factually unsupportable claims or defenses . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). At the same time, the language within Fed.R. Civ. P. 56© provides that a motion for summary judgment should be granted only if a party "show[s] that there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law." Applying the *Celotex* standard to this case, the burden is on the Defendants to demonstrate the absence of a genuine issue of a material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In assessing this type of a dispositive motion, the Court must examine all pleadings, depositions, answers to interrogatories, admissions, and affidavits in a light that is most favorable to the Plaintiff as the non-moving party. Fed. R. Civ. P. 56©; *see United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Boyd v. Ford Motor Co.*, 948 F.2d 283, 285 (6th Cir. 1991); *Bender v. Southland Corp.*, 749 F.2d 1205, 1210-11 (6th Cir. 1984). It is not the role of this Court to weigh the facts. *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435-36 (6th Cir. 1987). Rather, it is the duty of the Court to determine "whether . . . there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

A dispute is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.  Hence, the Defendants can demonstrate the absence of a genuine factual issue if they are able to present evidence which is sufficient to make the issue "so one-sided that [they] must prevail as a matter of law," *id.* at 252, or point to a failure by the Plaintiff to present evidence that is "sufficient to establish the existence of an element essential to its case, and on which it will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. Upon such a showing, the Plaintiff, as the non-moving party, must act affirmatively to avoid the entry of a summary judgment.  Fed. R. Civ. P. 56(e).  A mere scintilla of supporting evidence is insufficient.  *See Anderson*, 477 U.S. at 252, *quoted in Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989).  Indeed, "[i]f the evidence is merely colorable or is not significantly probative summary judgment may be granted." *Anderson*, 477 U.S. at 249–50 (citations omitted).

### III.

In the absence of a controlling statute to the contrary, a provision in a contract may validly limit the time for bringing an action if the period in which to do so is reasonable.  *Order of United Commercial Travelers v. Wolfe,* 331 U.S. 586, 608 (1947).  This general rule has been applied whenever an ERISA regulated employee welfare benefit plan contains a limitation on the time in which to initiate a lawsuit.  *Santino v. Provident Life & Accident Ins. Co.,* 276 F.3d 772 (6th Cir. 2001); *Bomis v. Metropolitan Life Ins. Co.,* 970 F. Supp. 584 (E.D. Mich. 1988)*; Roberson v. Metropolitan Life Ins. Co.,* 682 F. Supp. 907 (E.D. Mich. 1988).  Although the language within ERISA does not contain a statute of limitations for benefit claims, such matters are typically governed by the most analogous state law.  *Meade v. Pension Appeals & Review Committee,* 966 F.2d 190, 195 (6th Cir. 1992).

In order to recover benefits under an employee welfare benefit plan, a claim must be filed within three years. There are courts within this Circuit that have declared a three year statute of limitations time period to be a reasonable restriction on the commencement of a lawsuit. *Bomis*, 970 F. Supp. at 588-89; *Roberson*, 682 F. Supp. at 909. However, an ERISA cause of action for health care benefits does not accrue until a claim has been formally made and denied. *Stevens v. Employer-Teamsters Joint Council No. 84 Pension Fund*, 979 F.2d 444, 451 (6th Cir. 1992).

Here, in order to receive health care benefits, the period of time for submitting a proof of loss claim to the Defendants was ninety days following the date of the loss. A "loss" occurs whenever an obligation to pay medical services becomes due. However, the Plan in this litigation places a one year limitation on the ability of a claimant to file for benefits with the Defendants after the proof of loss is due.

According to this analysis, the latest date upon which Peggy Jordan could have submitted a proof of loss would have been July 24, 1999 - ninety days after the infant's unfortunate demise. There is evidence in this case that the Plaintiff did submit its "proof of loss" claim to the Defendants within the requisite ninety day time frame. In keeping with this reasoning, the Plaintiff should have initiated this lawsuit within a period of three years from the date on which the "proof of loss" was submitted to the Defendants; namely, July 24, 2002. However, the Court notes with interest that the Defendants did not transmit a formal letter of denial to the Plaintiff until July 1, 2003 - nearly one year after above-listed filing "deadline." Approximately one month later (August 4, 2003), the Plaintiff commenced these legal proceedings, seeking appropriate relief.

Although, the present lawsuit should have been filed by July 2002, the cause of action did not arise until the Defendants forwarded their formal denial letter on July 1, 2003. Prior to that

date, the Plaintiff was not aware of the Defendants' official position on its claim. As a consequence and contrary to the Defendants' argument on this issue, the Plaintiff's claim under Count I of the Complaint is not time barred.

The requirements of the Plan are delineated in the Group Explanation of Benefits booklet, as well as in the document which outlines its terms and conditions. According to the Plan, Baby Jordan became a dependant of Peggy Jordan on the date of his birth, February 5, 1999. In order to be covered under the Plan, it was necessary for this infant to be an official enrollee. The record in this cause indicates that he was not enrolled in the Plan at the time of his death. Thus, the Plaintiff's claim for benefits must necessarily fail because of its failure to satisfy the terms of the Plan.

IV.

In its Complaint, the Plaintiff asserts that the Defendants knew or should have known of Baby Jordan's birth and subsequent serious medical problems. The Plaintiff also maintains that the Defendants had an obligation to notify Peggy Jordan of the enrollment procedure, and by failing to do so, they violated their fiduciary duties to her. The Defendants posit that even if the Plaintiff's claim is not time barred according to the limitation period within the Plan, it is precluded by Mich. Comp. Laws §600.5805(10)(2005) which, in essence, requires a claimant to initiate a lawsuit within three years from the date of the alleged loss.

However, under Michigan state law, a statute of limitations defense is ineffectual against governmental entities if the claim is "for the recovery of the cost of maintenance, care, and treatment of persons in hospitals . . . ." Mich. Comp. Laws § 600.5821(4). According to the law in Michigan, the Plaintiff is considered to be a political subdivision of the State, and, thus, it is a governmental entity for the purpose of this litigation. *Id.* Inasmuch as this lawsuit is an action for

the recovery of the cost of care and treatment of Baby Jordan from a governmental entity, the Defendants' contention that the Plaintiff's claim is time barred must be rejected. *Regents v. State Farm Mutual Ins. Co.*, 250 Mich. App. 719, 732 (Mich. Ct. App. 2002). Therefore, inasmuch as the Plaintiff is a governmental entity and the claim is "for the recovery of the cost of maintenance, care, and treatment of persons in hospitals," its claim for a breach of a fiduciary duty is not time barred.

V.

If a statute expressly provides for a particular remedy or remedies, a court should be reluctant to read other remedial measures into it. *Massachusetts Mutual Life Ins. Co. v. Russell,* 473 U.S. 134, 147 (1985). In those instances in which Congress has provided an adequate relief for an injury to a beneficiary, equitable relief will typically be unnecessary. *Varity Corp. v. Howe,* 516 U.S. 489, 515 (1996). In *Varity*, the Supreme Court feared that in providing equitable relief for such claims when other relief was provided by statute, attorneys would complicate ordinary benefit claims by disguising them in "fiduciary duty" clothing. *Id.* at 514.

It does not appear that the Plaintiff in this case is seeking to obtain any form of relief in Count I (claim for benefits) that is different from its quest in Count II (breach of a fiduciary duty). Since the requested relief is virtually identical in both Counts, and inasmuch as the Plaintiff has been provided with an adequate statutory basis upon which to pursue its claim under existing federal law, this claim for a breach of fiduciary duty must fail.

Since the Plaintiff's breach of a fiduciary duty claim is, in effect, an application for benefits, it is unnecessary to analyze the breach of fiduciary claim framework since, according to the Supreme Court, such a claim does not exist.

VI.

In Count III of the Complaint, the Plaintiff asserts a claim for unjust enrichment. According to the Plaintiff, the Defendants would be unjustly enriched if they are allowed to retain the monies that were expended for this infant's medical care and services. The language in 29 U.S.C. § 1132(a)(3)(B) limits the relief that is available to an applicant, such as the Plaintiff, under § 502(a)(3) of ERISA to "equitable relief." The term, "equitable relief," as used in § 502(a)(3) refers to "those categories of relief that were typically available in equity . . . ." *Great-West Life v. Knudson,* 534 U.S. 204, 210 (2002). Traditionally, a claim for monies that are due and owing under a contract is an action at law. *Id.* Suits that seek to compel the defendant to pay a sum of money to the plaintiff are suits for money damages since they seek no more than a loss of compensation which resulted from the breach of a legal duty. *Id.*

In this lawsuit, the Plaintiff denies that it is seeking money damages. Rather, it is the Plaintiff's contention that (1) Baby Jordan should be permitted to enroll in the Plan with a retroactive enrollment date of February 5, 1999, the date of his birth, and (2) the Defendants should be required to process all of the medical claims that were incurred by this minor child during his brief lifetime, citing *Matthews v. Chevron*, 362 F.3d 1172 (9th Cir. 2004). In *Matthews,* the court ordered Chevron to modify its records so it could retroactively reinstate six plaintiffs into its retirement plan. The court explained that this directive was not an award of monetary damages because it was an equitable judicial measure which was designed to return the plaintiffs to a position where they would have been if Chevron taken appropriate measures from the beginning. *Id.* at 1186. Contrary to the argument by the Defendants, the factual underpinnings in *Matthews* and the case at bar are inapposite, distinguishable and not persuasive.

Since the essence of the Plaintiff's claim is the Defendants' denial of benefits, this issue has already been presented as Count I of the Complaint. ERISA already provides the Plaintiff with a cause of action under 29 U.S.C. § 1132(a)(1)(B). Hence, this claim for unjust enrichment is pre-empted by ERISA.

## VII.

29 U.S.C. § 1133(1) (2005) requires each employee benefit plan to provide adequate notice in writing regarding the denial of claims to any plan participant or beneficiary. This notice must set forth the specific reasons for the denial and should be written in a manner that is readily understood by the participant or beneficiary. *Id.* This statute also requires that a full and fair review be given to any participant or beneficiary whose claims have been denied. 29 U.S.C. 1133(2) (2005).

In Count IV of the Complaint, the Plaintiff contends that the Defendants failed to provide Baby Jordan with a full and fair review regarding the denial of his benefits. The term "participant" means any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit. 29 U.S.C. § 1002(7) (2005). The word, "beneficiary,"refers to "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002(8) (2005).

Here, a determination regarding the merits of the claim was not made because Baby Jordan was never covered under the Plan. According to its terms, Peggy Jordan was under an independent

obligation to enroll her child into the program in order to receive medical benefits. However, the Plaintiff asserts that it never received such a letter from the Defendants which set forth the grounds for their denial of the claim. Although Ricks, a vice president and general counsel for Spunkmeyer, forwarded a letter of rejection to the Plaintiff, he never articulated the basis of the denial. Instead, he merely referred the Plaintiffs to an earlier letter, dated March 16, 2001, which ostensibly served as the basis for the denial. His letter should have articulated the specific reasons for the rejection rather than to make reference to another piece of correspondence for clarification. Ricks' letter hardly satisfies the standard in 29 U.S.C. § 1133.

Although the Defendants were obligated under federal law to provide the Plaintiff with a sufficient basis for their rejection, they failed to do so. However, despite their non compliance with § 1133, the Defendants' violation is *de minimus*. The Plaintiffs knew, or should have known, the basis for the Defendants' denial of their claim for benefits because Baby Jordan was never officially enrolled under the Plan. Thus, the Defendants' failure to comply with the statute does not have any practical or legal effect upon this motion.

## VIII.

Following a review of the record, this Court concludes that there are no genuine issues of a material fact in this cause. It is undisputed that Baby Jordan was never enrolled into his mother's health benefits plan. As a consequence, the Plaintiff is unable succeed on its claim for benefits. Additionally, the Defendants are not unjustly enriched by virtue of their decision to reject the Plaintiff's claim for benefits. Here, the Plaintiff's quest for relief is pre-empted by ERISA because it is, in effect, a claim for benefits as articulated in Count I of the Complaint. Furthermore, the Plaintiff's breach of fiduciary duty claim must fail as well because it is, in reality, an application

for benefits, which has already been asserted in its Complaint. Accordingly, the Defendants' motion for the entry of a summary judgment must be, and will be, granted.

      IT IS SO ORDERED.

| | |
|---|---|
| DATED:   March 6, 2006 | s/ Julian Abele Cook, Jr. |
|              Detroit, Michigan | JULIAN ABELE COOK, JR. |
| | United States District Judge |

### Certificate of Service

     I hereby certify that on March 6, 2006, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

                                                            s/ Kay Alford
                                                            Courtroom Deputy Clerk